UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

---------------------------------- X
MATTHEW ROCCO,                     :
              Plaintiff,           :
                                   :   CIVIL ACTION NO.
       against                     :
                                   :
UNITED STATES OF AMERICA,          :   JULY 27, 2022
              Defendant.           :
---------------------------------- X

## COMPLAINT

Plaintiff, **MATTHEW ROCCO**, by and through his undersigned attorneys, now come before this Court and complain of the **UNITED STATES OF AMERICA**, as follows:

### JURISDICTION AND VENUE:

1. The plaintiff, **MATTHEW ROCCO**, at all times relevant hereto resided in the Town of North Branford, State of Connecticut.

2. The claims are brought against the defendant, the **UNITED STATES OF AMERICA**, pursuant to the Federal Tort Claims Act, § 2671, *et seq.* and 28 U.S.C. § 1346(b)(1), for monetary damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of an employee of the United States Government while acting within the scope of his employment and/or offices, under circumstances where the defendant, the **UNITED STATES OF AMERICA**, if a private person, would be liable to the plaintiff, **MATTHEW ROCCO**, in accordance with the laws of the State of Connecticut.

3. Venue is proper in that all of the acts and omissions forming the basis of these claims occurred in the State of Connecticut and arose from a motor vehicle collision that occurred in the State of Connecticut.

4. The plaintiff, **MATTHEW ROCCO**, has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

5. This underlying action has been timely filed in that the plaintiff, **MATTHEW ROCCO**, has timely served notice of his claim on United States Department of Veterans Affairs on or about May 14, 2021 and it has failed to make a final disposition on the plaintiff's claim within six (6) months after it was filed.

6. Jurisdiction exits under Title 28 U.S.C. § 1346.

**STATEMENT OF FACTS:**

7. On or about October 10, 2019, the plaintiff, **MATTHEW ROCCO**, was operating a 2005 Ford motor vehicle traveling in the left lane of Interstate 95 north, a public street or highway in Old Saybrook, Connecticut.

8. At all times mentioned herein, Anthony Defelice, was the operator of a 2015 Chevrolet motor vehicle, traveling in the left center lane of said Interstate 95 north when he veered into the plaintiff's lane of travel, striking the plaintiff's vehicle.

9. As a result of said collision, the plaintiff's vehicle was caused to cross four lanes of traffic and violently strike the bridge edge barrier which ejected the plaintiff and caused him to be struck by his vehicle, causing the plaintiff to sustain and suffer injuries and losses hereinafter set forth.

## NEGLIGENCE VS. UNITED STATES:

10. The motor vehicle operated by Anthony Defelice was owned by the defendant, the **UNITED STATES OF AMERICA**.

11. The collision was due to the carelessness and/or negligence of Anthony Defelice in one or more of the following ways:

- (a) IN THAT he failed to keep a reasonable and proper lookout and to pay attention to where he was going;

- (b) IN THAT he operated said vehicle at a greater rate of speed than the circumstances warranted;

- (c) IN THAT he failed to sound his horn or give the plaintiff a timely warning, or any warning whatsoever, of the impending collision;

- (d) IN THAT he operated said vehicle with defective or inadequate brakes, or failed to apply his brakes in time to avoid said collision;

- (e) IN THAT he failed to keep and operate said vehicle under proper control;

- (f) IN THAT he failed to turn said vehicle in time to avoid said collision;

- (g) IN THAT he violated §14-218a of the motor vehicle laws of the State of Connecticut in operating said vehicle at a rate of speed greater than is reasonable having regard to the width, traffic, and use of the highway and the weather conditions;

- (h) IN THAT he violated §14-219(a) of the motor vehicle laws of the State of Connecticut in operating said vehicle at a rate of speed greater than the established speed limit;

- (i) IN THAT he violated §14-236(1) of the motor vehicle laws of the state of Connecticut in failing to drive as nearly as practicable entirely within a single lane until the driver ascertained that such movement could be made with safety; and

      (j)    IN THAT in any one or more of the aforementioned ways, he failed to operate his vehicle in such a fashion as a reasonable prudent person would have under the circumstances then and there existing.

12. The plaintiff, **MATTHEW ROCCO**, was injured as a direct result of the collision, the same having been directly and proximately caused by the negligent acts of Anthony Defelice.

13. At all times mentioned herein, Anthony Defelice was operating said vehicle as an officer, agent, servant, and/or employee of the defendant, the **UNITED STATES OF AMERICA**, and was operating within the scope of his employment.

14. Anthony Defelice is an employee of the defendant, the **UNITED STATES OF AMERICA**, and therefore, is an employee of the government within the meaning of Title 28 U.S.C. § 2671.

**DAMAGES:**

15. As a result of said collision, the plaintiff, **MATTHEW ROCCO** was violently ejected from the vehicle. Subsequent physical examination and x-ray studies revealed that he sustained and suffered a left femur fracture with complete occlusion/transection of the left superficial femoral artery requiring radical debridement of the lacerated wound around left thigh; left open femur fracture with reduction and external fixation of the fracture and thrombectomy of left superficial femoral artery; right pelvic fracture; left supra posterior hepatic lobe contusion; bilateral sacral public symphysis and left acetabular fractures; right inferior lateral globe foreign body; right lateral facial laceration; injury to surrounding and attaching soft tissue structures of the aforementioned areas with loss of full range of motion; scarring; mental and physical pain and anguish, some of which injuries are or are likely to be of a permanent nature.

16. As a further result of the incident, the plaintiff, **MATTHEW ROCCO**, was forced to incur financial obligations for hospital and medical care, medicines and x-rays, and will be forced to expend further sums for the same in the future.

17. As a further result of the incident, the plaintiff, **MATTHEW ROCCO**, was and will in the future be unable to pursue his regular course of employment, thereby sustaining financial loss and an impaired earning capacity.

18. The plaintiff, **MATTHEW ROCCO**, was in the course of his employment at the time of the incident and received Workers' Compensation benefits from his employer, Cherry Hill Construction.

## **DEMAND FOR RELIEF**

**WHEREFORE**, the plaintiff, **MATTHEW ROCCO**, respectfully requests judgment as follows:

1. General and special damages in excess of $4,000,000;
2. Reasonable attorney fees and costs of suit; and
3. Such other relief as the Court may deem proper.

Dated: July 27, 2022

Respectfully submitted,

THE PLAINTIFF
MATTHEW ROCCO

By: _____
John F. Buckley, Jr.
Federal Bar Number: CT12194
Buckley Wynne & Parese
685 State Street
New Haven, CT 06511
jbuckley@bwplaw.com
203-776-2278

5